UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

------------------------------

In re:                                                    Case No.: 26-31709 KAC

*ROBERT JOHN REWOLINSKI, JR*
*LAILA REWOLINSKI,*

        Debtors.

-----------------------------

OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

----------------------------

TO:  All parties in interest pursuant to Local Rule 9013-3.

1.      Gregory A. Burrell, Chapter 13 Trustee (the "trustee"), moves the court for the relief requested below.

2.      This court has jurisdiction over this objection pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1.  This proceeding is a core proceeding.  The debtors filed the petition commencing this case on May 22, 2026.  The case is now pending in this court.

3.      This objection arises under Bankruptcy Rule 3015.  This objection is filed under Bankruptcy Rule 9014, Local Rules 9006-1, 9013-1 through 9013-5, such other Local Rules as may pertain and 11 U.S.C. § 1325.  Movant requests relief with respect to denial of confirmation of the debtors' chapter 13 plan. *See* Chapter 13 Plan, ECF No. 3.

4.       The debtors propose to pay the trustee 60 monthly payments of $1376.81 for a total of $82,608.61 ECF No. 3, at part 2. The debtors did not specify their treatment of the secured creditors on their two homes located at 5720 Newberry and 5755 Newberry. The debtors testified at the § 341 meeting that they intended to keep both properties. The IRS filed a claim for priority taxes in the amount of $38,101.73. Claim No. 3-2.  US Bank filed an objection to the plan for the prepetition mortgage arrears in the amount of $41,480.19 for 5720 Newberry. ECF No. 22.  NewRez filed an objection to the plan for the prepetition mortgage arrears in the amount of $58,815.17 for 5755 Newberry. ECF No. 20.

5.      The trustee objects to confirmation of the plan as it does not provide for the submission of sufficient future income as is necessary for the execution of the plan, contrary to 11 U.S.C. § 1322(a)(1) and the debtor's stated desire to retain their homes. The mortgage arrearage and priority tax claims alone exceed $120,000 and the plan only proposes to pay the trustee $82,608.01

6.      The trustee objects to confirmation under 11 U.S.C. §1325 (a)(9), incorporating

11 U.S.C. § 1308 until the debtors can prove that the Minnesota State Tax returns have been filed. The MDR sent a letter dated May 28, 2026, to the trustee indicating that the 2022 – 2025 tax returns have yet to be filed. The trustee received from the debtors copies of the federal tax returns for the unfiled years listed on the IRS's Claim No. 3-1. The trustee did not receive copies of the Minnesota returns for those years.

7.      The trustee objects to the debtor's plan as it does not meet the "best interests of creditors" test of 11 U.S.C. § 1325(a)(4), in that the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate of the debtor was liquidated under Chapter 7 of Title 11 on such date.  The debtors have two parcels of real estate with substantial equity. 5720 Newberry is listed in this case and valued at $569,300 and the proof of claim shows a secured loan balance of approximately $292,359.58. ECF No. 2, at 3; Claim No. 2.  They also testified at the § 341 meeting that they still own 5755 Newberry that is not listed in this case. That property was valued at $616,500 in case number 25-31376, filed on May 6, 2025. Case No. 25-31376, ECF No. 50.  The objection to the plan filed by the lender in this case shows a secured loan balance of approximately $174,541.45. Case No. 26-31709, ECF No. 20. The debtors have not exempted any interest in these properties.[1] ECF No. 2, at 13. The filed unsecured claims at this time are $238,681.50. See Claims Register. The debtors list an additional approximately $34,000 in unsecured claims on their schedules which claims have not yet been filed. ECF 2, at 19. The equity in these properties is approximately $718,899.05. It is clear that the plan proposed now before the court does not meet the best interest test as the unsecured creditors would be paid in full in a chapter 7 liquidation.

8.      The trustee objects to the confirmation of the plan as it is not proposed in good faith as required under 11 U.S.C. § 1325(a)(3). This is the second case within 13 months, and third case, 24-33335 which was filed on December 18, 2024, in the last year and a half. It appears that all cases were filed to stop foreclosure sales. The first case was dismissed for a failure to file documents, the second was based on plan payments and did not have a confirmable plan. This case, the debtors failed to list both parcels of real estate and also failed to list any household assets such as furniture, clothing, bank accounts, and unpaid wages. Case No. 26-31709, ECF No. 2, at 3 – 12. The debtors are not serious in reorganizing their debts in chapter 13, filing the cases solely to stop foreclosure sales, and chose to not list creditor treatment in their plan. The debtors also have failed to recognize the best interest issues raised by the chapter 13 trustee in the previous case. The debtors are not ready, or choose to not be ready, for chapter 13.

9.      The trustee reserves the right to amend the objections if further facts are discovered supporting such objections.

10.     If necessary, the debtors and/or an employee of the Trustee may be called to testify in support of this motion.

---

[1] To the extent the debtors amend the schedules to claim both these properties exempt the trustee will object as he did in case 25-31376.

WHEREFORE, the trustee moves the court for an order denying confirmation of the chapter 13 plan.

Gregory A. Burrell, Chapter 13 Trustee

Dated: July 6, 2026

Signed: /e/ Jeffrey M. Bruzek

Jeffrey M. Bruzek, ID # 319260
Heather M. Forrest ID # 398764
Counsel for Chapter 13 Trustee
Fifth Street Towers
100 South Fifth Street, Ste. 480
Minneapolis, MN 55402
(612) 338-7591

## VERIFICATION

I, Jeffrey M. Bruzek, employed by the Chapter 13 Trustee, the movant named in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct.

Executed on: July 6, 2026

Signed: */e/ Jeffrey M. Bruzek*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

-----------------------------

In re:                                                    Case No.: 26-31709 KAC

*ROBERT JOHN REWOLINSKI, JR*
*LAILA REWOLINSKI,*

Debtors.

-----------------------------

MEMORANDUM IN SUPPORT OF OBJECTION
TO CONFIRMATION OF CHAPTER 13 PLAN

FACTS

The facts are summarized in the accompanying verified objection.

LEGAL DISCUSSION

A.      Burden

A debtor bears the ultimate burden of proving that a Chapter 13 plan should be confirmed.  When a debtor fails to carry that ultimate burden, confirmation must be denied.  *See In re Melander*, 506 B.R. 855, 859 (Bankr. D. Minn. 2014); *see also In re Maronde*, 332 B.R. 593, 597 (Bankr. D. Minn. 2005) ("Debtor has the burden of proving that the conditions for confirmation have been satisfied.").

B.      The plan cannot be confirmed because the priority tax amounts are not addressed in the plan and the taxes may have not been filed.

The trustee objects to the proposed plan in that it does not pay in full the priority tax obligation as required under 11 U.S.C. § 1322(a)(2).  A plan shall "provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of a particular claim agrees to a different treatment of such claim." 11 U.S.C. § 1322(a)(2). An "express affirmation of consent is required to meet the requirements of 11 U.S.C. § 1322(a)(2)" in a case that has not yet been confirmed. *In re Burnett,* 646 F.3d 575, 580-801 (8th Cir. 2011) citing *In re Northrup,* 141 B.R. 171 (N.D.Iowa 1991). A failure to object is not acceptance under § 1322(a)(2). *In re Northrup,* 141 B.R. at 171. Consent is plainly required by § 1322(a)(2). *In re Smith*, 212 B.R. 830 (E.D. Va. 1991). It is unknown if all taxes have been filed and the trustee objects and places the debtors to their burden to prove that they have been filed as required pursuant to 11 U.S.C. §1325(a)(9), which incorporates 11 U.S.C. § 1308, that provides

that "the debtor shall file with appropriate tax authorities all tax returns for all taxable periods ending during the 4-year period ending on the date of the filing of the petition." *See* 11 U.S.C. § 1308(a).

C.      The plan cannot be confirmed because the best interest test is not met.

The trustee objects to plan confirmation under 11 U.S.C. § 1325(a)(4), provides that:

[T]he court shall confirm a plan if . . . .the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.

11 U.S.C. § 1325(a)(4). The court must "look not only at the Debtor's assets as listed on his schedules. . .but must also consider the recovery of assets by the trustee through fraudulent transfer and preference actions." *In re Larson,* 245 B.R. 609, 614 (Bankr.D.Minn. 2000); *In re Maronde,* 332 B.R. 593 (Bankr.D.Minn.2005).

The debtors have in excess of $700,000 in non-exempt property. The debtors' plan does not meet the best interest of the creditor's test. It would be reasonably expected that creditors would receive more in a chapter 7 case than in this chapter 13 case. *In re Larson,* 245 B.R. at 615.

D.      The plan is not proposed in good faith.

11 U.S.C. § 1325(a)(3) provides that "the court shall confirm a plan if . . . the plan has been proposed in good faith. . ." *See* 11 U.S.C. § 1325(a)(3).  A court may dismiss a case under § 1307(c) for cause if the debtor filed the case in bad faith.  *In re Marshall,* 407 B.R. 359, 362 (B.A.P. 8th Cir. 2009) citing *In re Molitor,* 76 F.3d 218, 220 (8th Cir.1996); *Marrama v. Citizens Bank of Massachusetts,* 549 U.S. 365, 127 S.Ct. 1105, 166 L.Ed.2d 956 (2007) (holding that atypical bad faith conduct is grounds to dismiss a Chapter 13 case, or to deny conversion of a case from Chapter 13 to Chapter 7).  The bad faith determination focuses on the totality of the circumstances, including whether the debtor has stated his debts and expenses accurately; whether he has made any fraudulent misrepresentation to mislead the bankruptcy court; or whether he has unfairly manipulated the Bankruptcy Code.  *In re Marshall,* 407 B.R. at 362 (citations omitted). The only difference in the bad faith analysis between the two statutes is the burden of proof.  The objecting party in a § 1307(c) motion has the burden of proof, while the debtor has the burden of proof under § 1325(a)(3).  *In re Mattson,* 241 B.R. 629, 635 (Bankr.D.Minn. 1999).

The number of cases filed, along with the clear omissions on the schedules support a finding that the plan was not proposed in good faith. The debtors are using chapter 13 to simply

stop foreclosure sales. They failed to list significantly valued real estate (which that real estate was at issue in the prior case through objections to the plan, exemptions, and plan treatment), failed to list common assets which are known to have on hand at the date of filing[2], and failed to treat the main creditors in which they want to address in the plan. The debtors are manipulating the bankruptcy code by simply buying time without any desire to obtain a confirmable plan.

E.      The plan is underfunded.

If the debtors' intent is to cure their mortgage arrears, as stated in the § 341 meeting, the plan is underfunded.  The mortgage arrearages and priority claims exceed what is provided for in the plan. The trustee objects to confirmation of the plan as it does not provide for the submission of sufficient future income as is necessary for the execution of the plan, contrary to 11 U.S.C. § 1322(a)(1).  The plan is underfunded and cannot be administered.

CONCLUSION

The debtors cannot meet their burden under 11 U.S.C. § 1325. For the reasons stated herein, the trustee requests that the court deny confirmation of the chapter 13 plan.

Gregory A. Burrell, Chapter 13 Trustee

Dated: July 6, 2026

Signed: /e/ Jeffrey M. Bruzek
Jeffrey M. Bruzek, ID # 319260
Heather M. Forrest ID # 398764
Counsel for Chapter 13 Trustee
Fifth Street Towers
100 South Fifth Street, Ste. 480
Minneapolis, MN 55402
(612) 338-7591
Email: jmb@ch13mn.com

---

[2] The debtors listed no bank accounts or unpaid wages but provided the trustee with bank statements for open accounts and paystubs that straddled the case filing date.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA


------------------------------

In re:                                                      Case No.: 26-31709 KAC

    *ROBERT JOHN REWOLINSKI, JR*
    *LAILA REWOLINSKI,*

       Debtors.


------------------------------

UNSWORN DECLARATION FOR PROOF OF SERVICE


------------------------------

    I, Dawn Kassa, employed by Gregory A. Burrell, Chapter 13 Trustee, declare that on July 6, 2026, I served Objection to Plan Confirmation, Memorandum of Facts and Law and proposed Order on all Filing Users by electronic mail and on the individual(s) listed below, in the manner described:

By first class U.S. mail, postage prepaid:

    ROBERT JOHN REWOLINSKI, JR
    5755 NEWBERRY AVENUE NORTH
    STILLWATER, MN 55082

    LAILA REWOLINSKI
    5720 NEWBERRY AVENUE NORTH
    STILLWATER, MN 55082


    And I declare, under penalty of perjury, that the foregoing is true and correct.

Executed: July 6, 2026                                      /e/ Dawn Kassa

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA


------------------------------

In re:                                                                          Case No.: 26-31709 KAC

*ROBERT JOHN REWOLINSKI, JR*
*LAILA REWOLINSKI,*

      Debtors.

------------------------------

ORDER DENYING CONFIRMATION

------------------------------

At Minneapolis, Minnesota,

The above-entitled matter came before the undersigned United States Bankruptcy Judge on the objection of Gregory A. Burrell, Chapter 13 Trustee (the "Trustee") objecting to confirmation of the debtors' Chapter 13 plan and requesting dismissal of the case.

Upon the motion, records and proceedings herein,

IT IS ORDERED:

1.  Confirmation of the debtors' Chapter 13 plan, ECF No. 3, is DENIED.


Date: _____                                    _____

                                             Katherine A. Constantine
                                             United States Bankruptcy Judge